UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| Quintin Ray, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18cv804 SNLJ |
| | ) |
| RENAISSANCE ST. LOUIS AIRPORT HOTEL (SCHULTE HOSPITALITY GROUP), | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff brings this discrimination lawsuit against his former employer under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e, et seq. Plaintiff filed his complaint on May 25, 2018. On March 22, 2019, plaintiff filed an amended complaint. Defendant moves to dismiss[1] (#28). Although plaintiff did not file a response to the motion to dismiss, plaintiff has filed a motion to compel (#30).

Plaintiff's original complaint brought a claim of race discrimination for retaliation and harassment against the defendant, his former employer. Plaintiff's amended complaint brings four counts for (1) national origin-based discrimination for disparate impact, (2) national origin-based discrimination for hostile work environment, (3) sex

---

[1] The defendant also moves, in the alternative, to strike the amended complaint for failure to seek leave to amend in accordance with Federal Rule of Civil Procedure 15. However, at the scheduling conference pursuant to Rule 16, this Court permitted the plaintiff extra time in which to file the amended complaint.

discrimination[2], and (4) national origin-based discrimination based on retaliation. The amended complaint supersedes the original complaint.

Plaintiffs who intend to bring claims in federal district court for violations of Title VII and the MHRA must first exhaust the administrative remedies as to them. *Woelbling v. R.C. Wilson Co.*, 966 F. Supp. 858, 861 (E.D. Mo. 1997). Title VII requires that a complainant must file a timely administrative charge with the EEOC that sets forth the facts and nature of the charge. *Price v. Harrah's Maryland Heights Operating Co.*, 117 F. Supp. 2d 919, 921 (E.D. Mo. 2000). The general rule is that a "plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." *Wallin v. Minnesota Department of Corrections*, 153 F.3d 681, 688 (8th Cir. 1998).

Here, defendant argues that plaintiff failed to exhaust his administrative remedies regarding his claims for discrimination based on national origin and sex discrimination. Notably, none of the claims raised in plaintiff's amended complaint were raised in his charge of discrimination before the U.S. Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). The charge plaintiff filed administratively refers only to claims of discrimination based on race—not on sex or national origin. Plaintiff therefore did not exhaust his administrative remedies as to the only claims he brings in his amended complaint, which, again, superseded the

---

[2] This count is styled as national origin-based discrimination (sex-based discrimination), but it appears to be based only on sex discrimination.

original complaint upon its filing. Notably, plaintiff did not respond to the motion to dismiss.

The amended complaint will be dismissed without prejudice. The motion to compel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#28) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (#30) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that this matter is **DISMISSED** without prejudice.

Dated this  19th  day of July, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE