# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Quintin Ray, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18cv804 SNLJ |
| | ) |
| RENAISSANCE ST. LOUIS AIRPORT HOTEL (SCHULTE HOSPITALITY GROUP), | ) |
| | ) |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to reconsider (#33). This Court dismissed plaintiff's discrimination lawsuit for failure to exhaust administrative remedies. (#32.) Plaintiff's motion to reconsider states that the Court should reconsider its order because (1) his new claims were timely and relate back to his original complaint, (2) the amendment to the complaint should have been allowed, and (3) the EEOC had provided plaintiff with a Notice of Right to Sue.

This Court may relieve a party from a final judgment or order for reasons of

> (1) mistake, inadvertence, mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). None of plaintiff's arguments justifies the relief he seeks.

Plaintiff first argues that his amendment should have been allowed because it was timely. The Court did not dismiss the complaint for untimeliness; in fact, the Court noted that plaintiff had been allowed additional time for amendment during the Case Management conference.

Plaintiffs' substantive arguments also fail. The Court dismissed plaintiff's amended complaint because plaintiff failed to exhaust his administrative remedies regarding his claims for discrimination based on national origin and sex discrimination. *See Wallin v. Minnesota Department of Corrections*, 153 F.3d 681, 688 (8th Cir. 1998); *Price v. Harrah's Maryland Heights Operating Co.*, 117 F. Supp. 2d 919, 921 (E.D. Mo. 2000). None of the claims raised in plaintiff's amended complaint were raised in his charge of discrimination before the U.S. Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). The charge plaintiff filed with the EEOC and MCHR refers only to claims of discrimination based on race—not on sex or national origin. Plaintiff therefore did not exhaust his administrative remedies as to the only claims he brought in his amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider (#33) is DENIED.

Dated this   11th   day of March, 2020.

                                        STEPHEN N. LIMBAUGH, JR.
                                        UNITED STATES DISTRICT JUDGE